UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MARCELL SHAMMAH, : Civil Action No.

         Plaintiff, :

v. : **COMPLAINT**

ENHANCED RECOVERY COMPANY, LLC., :

         Defendant :

---

Plaintiff MARCELL SHAMMAH ("Plaintiff"), by and through his attorneys, Jim Chehebar, Esq., as and for his Complaint against the Defendant, ENHANCED RECOVERY COMPANY, LLC., ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of New Jersey, residing at 612 Deal Road, Ocean, NJ 07712.

3. Defendant is a limited liability company duly organized and existing under the laws of the State of Florida, with their corporate headquarters located

at 8014 Bayberry Road, Jacksonville, Florida 32256.

4. The Plaintiff is a "consumer" as that phrase is defined and used in the FDCPA pursuant to 15 U.S.C. §1692a (3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA pursuant to 15 U.S.C. §1692a (6).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is properly placed in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), based upon plaintiff's residence within this district.

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on its behalf, or on behalf of a third-party, as purchaser of the debt, began collecting an alleged consumer debt from the Plaintiff.

10. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiff by calling to 732-695-3555 on or about April 19th, 2012 and leaving a

message.

11. The greeting on the phone (i.e., Hi we are not available right now, please leave a message), identifies that more than one person uses it and that it is a family phone.

12. Defendant's message was overheard by a party (i.e., Plaintiff's son, Morris) other than the consumer (i.e., Plaintiff), that Defendant was a debt collector attempting to collect an alleged debt.

13. Defendant's message also disclosed to Plaintiff's son, Morris, that Plaintiff owed a debt and was being contacted by a debt collector.

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA)

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. 15 U.S.C. §1692c(b) prohibits a debt collector from disclosing to a third party that the consumer is being contacted by a debt collector concerning a debt without permission from the consumer.

16. The Defendant violated 15 USC §1692c(b) by communicating to Aaron, a third party, that Plaintiff was being contacted by a debt collector concerning an alleged debt owed.

17. Plaintiff's claim that Defendant violated the foregoing provision of the FDCPA is supported by the following law: In Travis Banco v. Credit Collection Services Inc. N. CIV S-10-1242 FCD/EFB USDC ED, California, the court found

that Credit Collection Service's position that it cannot be liable because the message was solely intended for plaintiff and that plaintiff's mother should have refrained from listening when she heard the warning is wholly without merit." The Court further states that "Defendant cites to no authority supporting its proposition that a person must refrain from listening to a voice message in his or her own home merely because the message is for another person. Indeed, the weight of the case law militates strongly in favor of the inverse conclusion."

18. The Banco Court further cited Berg v. Merchants Assoc. Collection Div., Inc., 586 F.Supp.2d 1336, 1338-39 (S.D. Fla. 2008),[3], wherein, the defendant collection agency left a voice message strikingly similar to that left by Defendant here, which Berg's father, step-mother and neighbor heard. As is the case here, "Defendant left messages at the plaintiff's home with a warning to the listener to disconnect if the listener was not the plaintiff, and that continuing to listen to the message indicates that the listener was plaintiff." Id. at 1343. The court held that merely giving the warning that the party listening should hang up if not the plaintiff, does not shield a debt collector from liability under Section 1692c(b) when a third party overhears the message. Id. Similarly here, for the same reasons, defendant's contention that the warning on the message shields it from liability is ineffectual.

19. The Court further cited The District Court of Minnesota's recent holding in Zorman v. J.C. Christensen & Associates, Civ. No. 10-3086, 2011 WL 1630935 (D.Minn. 2001), which is similarly instructive. In Zortman, the defendant left messages on plaintiff debtor's voicemail, which plaintiff's children overheard.

Id. at *1. The defendant asserted, as does Defendant in this case, that it was not liable under Section 1692c(b) for communicating with a third party because they did not "purposefully or deliberately make disclosures to a third party." Id. at *2. The court explained that reading an intent requirement into the statute would be "inconsistent with the ordinary meaning of `to communicate,'" and thus, held that the Section 1692c(b) does not require a deliberate act. Id. at *5. The court noted that the "FDCPA is a strict liability[5] statute, which conflicts with requiring deliberate or purposeful intent." Id. (citing Picht v. Jon R. Hawks, Ltd., 236 F.2d 446, 451 (8th Cir. 2001)).

20. The Zorman Court further stated that:

The fact that plaintiff was the intended recipient of the message and that the message instructed non-intended listeners to hang up does not absolve defendant of liability for communicating information about the plaintiff's debt to a third party. Defendant is strictly liable under Section 1692c(b) for communicating with a third party — plaintiff's mother — without the debtor's consent, regardless of whether the communication was deliberate or intentional.

Zorman, 2011 WL 1630935 at *5; see also Clayson v. Rubin & Rothman LLC, 751 F.Supp.2d 491 (W.D.N.Y. 2010) (holding that communicating twice with debtor's mother about the debt without the debtor's authorization violated section 1692c(b))."

21. The Zorman Court further concluded that the defendant's reliance on staff commentary from the Federal Trade Commission ("FTC") — the agency charged with enforcing the act — which states that "[a] debt collector does not

violate this provision when an eavesdropper overhears a conversation with the consumer, unless the debt collector has reason to anticipate the conversation will be overheard." (Def.'s Opp'n at 8:10-14.) Defendant's reliance on the agency's commentary is misplaced. The Berg court, in analyzing the same commentary, stated that "[t]he example given here by the FTC suggests that the FDCPA is violated by debt collectors who leave message for consumers while aware that the message may be heard by others." Berg, 586 F.Supp.2d at 1342. In this case, defendant had reason to anticipate that the conversation would be overheard — the outgoing message specifically states that plaintiff is not the only resident at the home. (SUF ¶ 6.) To this end, not only does the agency's commentary not help defendant, it actually supports the finding of liability in this instance.

22.     As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Enhanced Recovery Company, LLC, as follows: For actual damages provided and pursuant to 15 USC §1692k(a)(1); For statutory damages provided and pursuant to 15 USC §1692k(2)(A); For statutory damages provided and pursuant to 15 USC §1692k(2)(B); For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3); A declaration that the Defendant's practices violated the FDCPA; For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:     November 27, 2012

M. HARVEY REPHEN & ASSOCIATES, P.C.
Jim Chehebar, Esq.
*Of Counsel*
4 Ross Court
Oakhurst, New Jersey 07755
(732) 616-6944
Attorney for the Plaintiff
Marcell Shammah

To: ENHANCED RECOVERY COMPANY, LLC
8014 Bayberry Road
Jacksonville, Florida 32256
(Via Prescribed Service)

*(Via Prescribed Service)*

Clerk,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608
*(For Filing Purposes)*